### HARMON v. RAILROAD COMPANY.

1. In action to recover damages for cattle killed by a train of cars, the railroad company, defendant, introduced expert witnesses, who testified as to the distance within which a train of cars could be stopped. *Held,* that it was competent for plaintiff to prove in reply by non-expert witnesses the distance within which they had seen a train stopped, and that the trial judge erred in saying to the jury that such reply testimony had nothing to do with the case.

2. The enclosure and maintenance of a pasture on one's own land across a railroad track is not unlawful, and, therefore, where the landowner's stock was killed at that point by a train of cars, the trial judge erred in suggesting to the jury that the existence of this pasture might constitute contributory negligence.

Before ALDRICH, J., Richland, April, 1889.

Action by Fred. Harmon against the Columbia & Greenville Railroad Company, commenced January 27, 1887. The complaint claimed $215.50 for cattle killed on seven several occasions. The verdict gave to plaintiff $99, and he appealed.

*Mr. Andrew Crawford*, for appellant.

*Mr. John C. Haskell*, contra.

February 20, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER.    This was an action to recover damages for certain cattle belonging to plaintiff, alleged to have been killed by the negligence of the defendant company in running their trains.    The appeal imputes error to the Circuit Judge in ruling out certain testimony offered by plaintiff, or rather in instructing the jury that it had nothing to do with the case, and in charging the jury as to the doctrine of contributory negligence.

It seems that the line of defendant's road ran through the land of plaintiff, and that after the railroad was constructed and in operation, the plaintiff, or one under whom he claimed, had inclosed with a fence a large territory for a pasture for cattle, which embraced the line of defendant's road where it passed through plaintiff's land. The cattle in question, or at least some of them, were killed in this pasture by defendant's trains, as it was alleged, and one of the questions in the case was whether the cattle could have been seen on the track at a sufficient distance to enable the engineer to stop his train.    This, of course, involved the inquiry, within what distance the trains could be stopped.    The defendant offered the testimony of several railroad engineers, who were called experts, as to this point.    In reply, plaintiff proposed to offer testimony of two witnesses, who did not claim to be experts, but who proposed to speak from their own observation and experience as to the distance within which a train could be stopped, and their testimony being objected to because they were not experts, was at first ruled to be incompetent, but was subsequently received, the Circuit Judge saying that he would instruct the jury that it had nothing to do with the case.

If this testimony was competent, there was not only error, in the first instance, in ruling it out, but also error in instructing the jury that it had nothing to do with the case.    For if it was competent, it was for the jury and not for the judge to say what effect it should have on the case.    We do not see why the evidence was not competent.    While it is true that these witnesses may not have been experts in the strict sense of that term, and not, therefore, entitled to give a mere opinion; yet where a witness, who is not an expert, states the facts upon which he bases his opinion, the rule does not preclude him from stating his opinion, provided the fact which he states shows his opinion to be correct.    *Seibles* v. *Blackwell*, 1 McMull., 56.    But, as we understand it, the witnesses in question were not called for the purpose of expressing an opinion as to the distance within which the trains might be stopped, but simply to state facts which they had observed in relation to the stopping of trains; and this, it seems to us, they clearly had the right to do, leaving it to the jury to say what effect such testimony might have.

As to the matter of contributory negligence, the jury were charged as follows: "There is a principle in this law which is called contributory negligence, and if the party complaining is himself negligent, why the corporation is not liable:    The proof, as I remember, which is altogether for you, was that this pasture was made on this railroad line after the railroad was built, and therefore the question arises, if a landholder puts his pasture on either side of the line of road, and his stock is killed, does he not contribute to the injury of which he complains?    That is a question which will present itself to you in coming to your conclusion."    This, as it seems to us, was a plain intimation, if not an invitation, to the jury to find that the plaintiff had been guilty of contributory negligence, from the simple fact, that the line of defendant's railroad, after it was built, had been inclosed by plaintiff's pasture fence.    Such we do not understand to be the law. On the contrary, as was said in *Simkins* v. *C. & G. R. R. Co.* (20 S. C., at page 263), there is "nothing unlawful in the act of the plaintiff in permitting his stock to roam at large in his enclosed pasture upon his own land, through which defendant only had the right of way"; and if so, we do not see how it would be

possible for the jury to be allowed, much less to be invited, to infer from the simple fact that the stock of a plaintiff had been killed by a railroad train in his own enclosed pasture, through which the railroad ran, that such plaintiff had been guilty of contributory negligence. While it is quite true that the question, whether a plaintiff has been guilty of contributory negligence, is a question of fact for the jury, yet where they are instructed that they may infer such negligence from a fact which, standing alone, does not legally warrant such inference, there is error of law.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.