19710

The STATE, Respondent, v. James Frank NEWMAN, Appellant
(200 S. E. (2d) 82)

*Messrs. Holland, Furman & Tetterton,* of Camden, *for Appellant,* cite:

*G. Thomas Cooper, Jr., Esq., Asst. Sol.,* of Camden, *for Respondent,* cites:

October 29, 1973.

BRAILSFORD, Justice:

On this appeal from appellant's conviction and sentence for assault and battery of a high and aggravated nature only two questions are argued in the brief, which we dispose of under headings quoted therefrom.

*"The appellant was denied the right to counsel during custodial interrogation."*

This ground of appeal is without support in the record, which clearly shows that no interrogation took place until a pistol containing three spent cartridges was found in defendant's car. During the search which resulted in the discovery of this evidence, the appellant and

the police chief were seated alone in appellant's dining room, and no interrogation took place. When an officer handed the pistol to the chief, the latter advised the appellant of his rights under *Miranda* standards, and it was only after this was done that he was interrogated and made inculpatory statements. Actually, this sequence of events is not disputed. The defendant's real complaint seems to be that he was not advised of his rights before his consent to the search of his premises was requested by the officers and extended to them. This complaint will be disposed of under the next point.

*"The trial judge erred in refusing counsel's motion to suppress evidence illegally obtained, and the trial judge further erred in admitting the pistol, cartridges and towel into evidence since they were the products of an unconstitutional search and seizure."*

The victim was appellant's neighbor, and appellant ██ knew that he had been identified to the police as his assailant. When the chief and two police officers arrived at appellant's home at about 6:00 A.M., they requested permission to search his premises for a small caliber weapon. According to their testimony, appellant, who knew the officers and was on a first-name basis with at least one of them freely and voluntarily granted this request. This evidence is not disputed by appellant who admitted from the stand that he had done the shooting, which he undertook to justify on the ground that he acted in self-defense. The evidence on the voluntariness of appellant's consent was all one way, and amply supported the trial judge's conclusion that the State had met its burden of proof in this respect. The recent decision in *Schneckloth v. Bustamonte,* 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. (2d) 854 (1973), holds that voluntariness is a question of fact to be determined from the totality of surrounding circumstances, and negates the argument that *Miranda* warnings are prerequisite to proof of effective consent in such cases.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.