20533

The STATE, Respondent, v. Jake WALLACE, Appellant.

(238 S. E. (2d) 675)

*Kermit S. King,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, *and T. Kenneth Summerford, Jr., Sol.,* of Florence, *for Respondent,*

October 31, 1977.

*Per Curiam:*

Appellant, Jake Wallace, was convicted of receiving stolen goods and sentenced to two (2) years imprisonment. At issue is the trial judge's finding that appellant voluntarily gave his consent for a search of his Bluefield Inn property in Florence County. It was during this search that several sheets of stolen tobacco were discovered. We affirm.

Appellant argues that the trial judge erred in not excluding testimony concerning the search, on the grounds that the consent was involuntary because appellant was under arrest in the police station when he consented and because he was not told of his right to refuse consent before he gave it.

Whether a consent to search was voluntary or the product of duress of coercion, express or implied, is a question of fact to be determined from the "totality of the circumstances." The burden is on the State to show voluntariness. *Schneckloth v. Bustamonte,* 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. (2d) 854 (1973) ; *State v. Middleton,* 266 S. C. 251, 222 S. E. (2d) 763 (1976) ; vacated on other grounds, 429 U. S. 807, 97 S. Ct. 44, 50 L. Ed. (2d) 69 (1976), reaffirmed 268 S. C. 152, 232 S. E. (2d) 342 (1977) ; *State v. Newman,* 261 S. C. 352, 200 S. E. (2d) 82 (1973), cert. den. 417 U. S. 932, 94 S. Ct. 2643, 41 L. Ed. (2d) 235. This "totality of the circumstances" test applies whether the consent was given in a noncustodial situation, *Schneckloth v. Bustamonte, supra,* and *State v. Ellefson,* 266 S. C. 494, 224 S. E. (2d) 666 (1976), or in custodial situation, *United States v. Watson,* 423 U. S. 411, 96 S. Ct. 820, 46 L. Ed. (2d) 598 (1976).

Under the testimony in the suppression hearing it was undisputed that the police had arrested at least two persons who had given statements implicating themselves and appellant. The appellant, after hearing of charges against him, went voluntarily to the Johnsonville Police Department, where he was arrested by an investigator for the Florence County Sheriff's Department. It is undisputed that the appellant was not warned of his *Miranda* rights before or after the alleged consent to the search.

According to the investigator, the appellant consented to the search. The appellant testified to the contrary, stating that he was never asked for consent and that he never gave it. The trial judge found that appellant had consented to the search. This was purely an issue of credibility and we cannot say that this finding of the trial judge is not substantiated by the record.

Appellant argues that, even if the trial judge believed the investigator's testimony where it conflicted with that of the appellant, the State did not meet its heavy burden to show

that the appellant freely and vountarily consented to the search.

The investigator testified that after appellant gave his consent to the search that he (the investigator) said to appellant:

" . . . I told, I asked him did he mind going and showing us in the room and I also, after he said sure, I don't mind going, I also told him, after he had give us permission, I also let him know that he could refuse and if he didn't want to go that I would get a search warrant but he had already give me permission before I told him that. I just wanted him to understand that."

Appellant argues that this was a claim of authority by the police to search, which increased the coercion of appellant.

While a threat to obtain a warrant is a factor to be considered in determining the voluntariness of consent, it will not necessarily vitiate that consent. See *United States v. Tortorello*, 2 Cir., 533 F. (2d) 809 (1976) and *United States v. Faruolo*, 2 Cir., 506 F. (2d) 490 (1974). Significantly, the investigator's statement concerning the search warrant came after the consent was initially given. This gives rise to the inference that the investigator was merely giving appellant an opportunity to withdraw his consent and telling him that if he did so, the police would have to attempt to get a warrant in order to search. The testimony of the investigator was that even after this warning the appellant continued in his consent. Far from being coercive, under these circumstances we think these facts tend to confirm that the consent was freely given.

Appellant argues that the fact that he was not advised of his right to refuse consent indicates coercion. This argument in effect is that a "consent" is the same as a "waiver," and that in order to waive a constitutional right, as here in the Fourth Amendment context, there must be an "intentional relinquishment or abandonment of a known right or privilege." *See Johnson v. Zerbst*, 304 U. S. 458,

464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938). However, in *Schneckloth v. Bustamonte, supra,* the waiver doctrine was found to be inapposite to the Fourth Amendment context. In essence, *Schneckloth* held that "knowledge" is not a requirement in determining consent to search. In effect, *Schneckloth* removed the presumption against consent. Therefore, knowledge of the right to refuse consent to search is merely another factor to be considered in the "totality of the circumstances" in determining the voluntariness of the consent to search. *Schneckloth v. Bustamonte, supra.*

Considering the "totality of the circumstances" in this case, we find no conduct inconsistent with consent. The investigator testified that appellant freely went with the police and even unlocked the door of the Inn for them. This is not evasive or uncooperative behavior which would be conduct inconsistent with consent.

Appellant argues that one of the factors indicating inherent coercion was that appellant was not advised of his *Miranda* rights. It has been established that the *Miranda* warnings are not required before a consent to search is sought. *State v. Pollard,* 255 S. C. 339, 179 S. E. (2d) 21 (1971) ; *State v. Newman, supra.* Whether defendant was given *Miranda* warnings is merely another factor to be considered. *United States v. Lemon,* 9 Cir., 550 F. (2d) 467 (1977).

The custodial setting is another factor to be considered. While appellant was under arrest, we note that he was not under the detention of an illegal arrest. Compare *Brown v. Illinois,* 422 U. S. 590, 95 S. Ct. 2254, 45 L. Ed. (2d) 416 (1975) with *United States v. McCaleb,* 6 Cir., 552 F. (2d) 717 (1977). Custody itself is not enough to invalidate a consent search. *United States v. Watson, supra.* We also note the absence of a show of force here. Upon arrest, appellant was not placed in a cell nor was he handcuffed. He was merely told to go to sit in a designated room.

There was no testimony by appellant that he was surrounded by policemen when his consent was requested. The absence of these or similar type factors militates against a finding of coercion.

Therefore, considering the totality of the circumstances in this case, we think that the testimony amply sustains the trial judge's finding that the appellant voluntarily consented to the search.

After a full consideration of appellant's remaining exceptions, we are of the opinion that no error of law appears and that the issues are governed by well settled principles of law. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

Affirmed.