2432

The STATE, Respondent v. Loriner DORCE, Appellant.

(465 S.E. (2d) 772)

Court of Appeals

---

*Assistant Appellate Defender M. Anne Pearce*, of *SC Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott* and *Assistant Attorney General Charles F. Reid*, all of Columbia; and *Solicitor David P. Schwacke*, North Charleston, *for respondent.*

Submitted Dec. 5, 1995.

Decided Dec. 19, 1995.

GOOLSBY, Judge:

Lorimer Dorce appeals his conviction for trafficking in cocaine. We affirm.[1]

Dorce and Ernest Altemar were travelling on I-95 in Clarendon County when they were stopped by Officer Randy Garrett. Both men identified themselves to the officer. Officer Garrett issued a warning ticket for speeding to Altemar, who was driving a Cadillac registered to Nordine Nautilus of Pompano Beach, Florida, and advised Altemar to affix the license tag to the rear of the car.

As Altemar returned to the Cadillac, Officer Garrett called him back to the patrol car and asked if he would consent to Garrett's searching the car. Altemar indicated consent but told the officer he must also ask Dorce. Dorce also consented.

The car passed a search by a drug-sniffing dog; however, Officer Garrett found a "toggle switch" under the front seat

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

with wires that ran under the car. Officer Garrett could not determine where the wires led, so he asked Dorce and Altemar if they objected to following him to a service station with a lift so he could inspect the underside of the car. Neither defendant objected.

Led by Officer Garrett in his patrol car, Altemar drove the Cadillac to a service station. A police car followed the Cadillac. Inspection of the underside of the car revealed nothing, but Officer Garrett found cocaine concealed behind a quarter panel on the driver's side once the car was back on the ground. Officer Garrett testified that both defendants, who were standing by during the search, had begun to act nervously and avert their eyes as he got close to the drugs.

Dorce testified that he was originally from Haiti and had been in the United States only three years, having fled Haiti after the military Junta seized power; that he and Altemar did not refuse consent because Officer Garrett said he had a warrant; and that Officer Garrett insisted they accompany him to the service station.

Officer Garrett denied he arrested either man before he found the drugs. He also denied mentioning a warrant and added that neither Dorce nor Altemar ever asked him to stop the search. He further testified both defendants answered his questions and had no apparent communication problems.

Counsel for both defendants moved to suppress all evidence of drugs because the consent to search was invalid. The trial judge found the search was consensual and denied the motion to suppress.

Dorce now argues the trial judge erred in failing to rule consent to search the Cadillac was coerced and, consequently, in failing to suppress the evidence of drugs seized during the search. We disagree.

Whether the consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined by the totality of the circumstances. *State v. Wallace*, 269 S.C. 547, 238 S.E. (2d) 675 (1977) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed. (2d) 854 (1973). The burden is on the State to show voluntariness. *Wallace, supra.* The issue of voluntary consent, when contested by contradicting testimony, is an issue of credibility to be determined by the trial judge. *Id.*

The admission of evidence is within the discretion of the trial judge and will not be disturbed on appeal unless abuse is shown. *State v. Moultrie*, 283 S.C. 352, 322 S.E. (2d) 663 (1984).

Considering the totality of the circumstances, we find there was evidence sufficient for the trial judge to properly determine Dorce and Altemar voluntarily consented to the search of the Cadillac without undue duress or coercion from law enforcement. The trial judge was presented with contradicting testimony, and it was within his province, as the trier of fact, to weigh the credibility of the evidence presented to determine which witnesses he deemed credible. *Wallace, supra.*

Affirmed.

HOWELL, C.J., and CURETON, J., concur.