THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jerry Randall Simpson, Jr.       
Appellant.
 
 
 

Appeal From Abbeville County
Wyatt T. Saunders, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-003
Submitted October 15, 2003  Filed January 7, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David Spencer, of Columbia; W. Townes Jones, IV, 
 Eighth Circuit Solicitor's Office, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Simpson was indicted for driving 
 under the influence (DUI), failing to stop for a law enforcement vehicle, and 
 possession of a sawed-off shotgun.  Simpson contends the trial court erred in 
 failing to suppress all evidence resulting from the unreasonable seizure of 
 himself and his automobile.  He asserts that the court erred as the stop was 
 unreasonable and the evidence was fruit of a poisonous tree. We affirm 
 [1] pursuant to Rule 220(b)(2), SCACR, and the following authorities: State 
 v. Dorce, 320 S.C. 480, 483, 465 S.E.2d 772, 773 (Ct.App. 1995) (the admission 
 of evidence is within the sound discretion of the trial judge whose ruling will 
 not be disturbed on appeal absent an abuse of discretion); State v. Wilson, 
 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (in criminal cases, this court sits 
 to review errors of law only, and we are bound by the trial court's factual 
 findings unless they are clearly erroneous); State v. Nelson, 336 S.C. 
 186, 192, 519 S.E.2d 786, 789 (1999) (an officer who lacks probable cause, but 
 whose observations lead him reasonably to suspect that a particular person has 
 committed, is committing, or is about to commit a crime, may detain that person 
 briefly in order to investigate the circumstances that provoke that suspicion); 
 State v. Woodruff, 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct.App. 2001) 
 (if the officer's suspicions are confirmed or are further aroused, the stop 
 may be prolonged and the scope enlarged as required by the circumstances).    

AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCAR.