**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyris Bernard Glover, Appellant.

Appellate Case No. 2012-211983

Appeal From Richland County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2014-UP-043
Submitted December 2, 2013 – Filed February 5, 2014

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court

must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); *State v. Morris*, 395 S.C. 600, 608, 720 S.E.2d 468, 471 (Ct. App. 2011) ("The appellate court's task in reviewing the trial court's factual findings on a Fourth Amendment issue is simply to determine whether any evidence supports the trial court's findings."); *State v. Provet*, 405 S.C. 101, 113, 747 S.E.2d 453, 460 (2013) ("A warrantless search is reasonable within the meaning of the Fourth Amendment when voluntary consent is given for the search."); *id.* ("When the defendant disputes the voluntariness of his consent, the burden is on the State to prove the consent was voluntary."); *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) ("[W]hether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances."); *id.* at 226 (analyzing cases determining whether consent to search was voluntary and noting no case "turned on the presence or absence of a single controlling" factor); *State v. Wallace*, 269 S.C. 547, 552, 238 S.E.2d 675, 677 (1977) (noting a police officer does not have to give *Miranda*[1] warnings before seeking consent to search); *State v. Mattison*, 352 S.C. 577, 585, 575 S.E.2d 852, 856 (Ct. App. 2003) (rejecting the defendant's contention that "the fact that he was 'surrounded' by a drug dog and four police officers with squad cars flashing blue lights demonstrated a 'show of force' that indicate[d] coercion").

**AFFIRMED.**[2]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.