**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Edward M. Dunn, Appellant.

Appellate Case No. 2012-212242

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-249
Heard May 7, 2014 – Filed June 25, 2014

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** Edward M. Dunn appeals his convictions for kidnapping, armed robbery, and first-degree burglary. Dunn argues the trial court erred in refusing to suppress all evidence flowing from the retention and use of his DNA profile. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v.*

*Moore*, 377 S.C. 299, 308-09, 659 S.E.2d 256, 261 (Ct. App. 2008) ("[A] warrantless search will withstand constitutional scrutiny where the search falls within one of a few specifically established and well delineated exceptions to the Fourth Amendment exclusionary rule." (quoting *State v. Bultron*, 318 S.C. 323, 331-32, 457 S.E.2d 616, 621 (Ct. App. 1995)); *id.* at 309, 659 S.E.2d at 261 ("These exceptions include . . . consent." (citing *State v. Dupree*, 319 S.C. 454, 456–57, 462 S.E.2d 279, 281 (1995)); *State v. Mattison*, 352 S.C. 577, 584, 575 S.E.2d 852, 855 (Ct. App. 2003) ("Whether a consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances." (citing *State v. Wallace*, 269 S.C. 547, 238 S.E.2d 675 (1977)); *State v. Dorce*, 320 S.C. 480, 482, 465 S.E.2d 772, 773 (Ct. App. 1995) ("The issue of voluntary consent, when contested by contradicting testimony, is an issue of credibility to be determined by the trial judge."); *Mattison*, 352 S.C. at 585, 575 S.E.2d at 856 ("A trial judge's conclusions on issues of fact regarding voluntariness will not be disturbed on appeal unless so manifestly erroneous as to be an abuse of discretion." (citing *State v. Rochester*, 301 S.C. 196, 391 S.E.2d 244 (1990)); *id.* (finding no abuse of discretion in the trial court's ruling that appellant's consent was voluntarily given where appellant consented to the police officer's request to search him without imposing any limits on the scope of the search, no evidence indicated appellant was incompetent, and the record revealed no threats or coercion); *State v. Forrester*, 343 S.C. 637, 648, 541 S.E.2d 837, 843 (2001) ("Under our state constitution, suspects are free to limit the scope of the searches to which they consent."); *Florida v. Jimeno,* 500 U.S. 248, 251 (1991) (noting the scope of the consent is measured by a test of "'objective' reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect?"); *State v. McCord*, 349 S.C. 477, 485, 562 S.E.2d 689, 693 (Ct. App. 2002) (finding no improper search or seizure occurred as the appellant's expectation of privacy "was extinguished when he voluntarily gave the blood sample to federal authorities without any limitation on the scope of his consent"). [1]

---

[1] As to Dunn's arguments that (1) the contract for taking his DNA was voided and illegal, (2) he never ratified the contract as an adult, and (3) the Richland County Sheriff's Department's DNA database was illegal: *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) (holding that for an objection to be preserved for appellate review, the objection must be made "with sufficient specificity to inform the circuit court judge of the point being urged by the objector" (citing *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *State v. Dunbar*,

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**

---

356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Carlson*, 363 S.C. 586, 597, 611 S.E.2d 283, 288 (Ct. App. 2005) ("Arguments not raised to or ruled upon by the trial court are not preserved for appellate review.").