**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James Damon Lanar White, Appellant.

Appellate Case No. 2016-001302

Appeal From Greenville County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2019-UP-258
Submitted March 5, 2019 – Filed July 17, 2019

**AFFIRMED**

William G. Yarborough, III, and Lauren Carole Hobbis, both of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General Vann Henry Gunter, Jr., all of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** James D. L. White appeals his convictions for armed robbery, conspiracy, and two counts of kidnapping, arguing the circuit court erred in: (1) denying his motion to suppress evidence obtained from two cell phones on the grounds that his consent to a search of the phones was involuntary due to deceptive police tactics; (2) failing to exclude photographs found on the phones that were not relevant and, even if relevant, violated Rule 403 of the South Carolina Rules of Evidence (SCRE); and (3) denying his motion for a directed verdict. We affirm.

1. We affirm the trial court's finding that White freely and voluntarily consented to the search of the cell phones, as it is well-supported by the record. *See State v. Wallace*, 269 S.C. 547, 550, 238 S.E.2d 675, 676 (1977) ("Whether a consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the 'totality of the circumstances.'"); *id.* ("The burden is on the State to show voluntariness"); *State v. Johnson*, 410 S.C. 10, 18, 763 S.E.2d 36, 40 (Ct. App. 2014) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm if there is any evidence to support the ruling." (quoting *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011))).

The State presented several witnesses who testified as to the circumstances surrounding White's police interview and the consent he gave to search the two phones. Sergeant Motes asked White to come to the station to give a victim/witness statement, and White acknowledged he did so voluntarily. There was also testimony about the physical set-up and non-confined nature of the room where White was questioned, as well as testimony that White was not physically restrained in any way or otherwise prevented from leaving, drinking water, or using the restroom while giving his statement. There was also the uncontradicted testimony of Sergeants Motes and Weiner regarding White's oral consent to allow them to search both phones and White's written signature on the consent form. White's main contention is the State tricked him by asking him to come to the station when officers knew he had a suspended driver's license. The State offered ample evidence that White's visit to the station was voluntary and his consent to search was not the product of coercion or duress but was rather his free and voluntary choice. White's argument that his consent was involuntary due to the investigators' "deceptive practices" is not supported by the evidence presented at the suppression hearing or trial. There was no evidence investigators sought to deceive White into believing he had to give consent to a search of two cell phones on his person because he drove with a suspended license.

2. We find the trial court did not abuse its discretion in admitting the photographs found on the cell phones, as the photographs were acutely relevant and not unfairly prejudicial. *See id.* at 17, 763 S.E.2d at 40 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002))); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Jennings*, 394 S.C. 473, 477–78, 716 S.E.2d 91, 93 (2011))); *see also* Rule 401, SCRE (stating evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

There was evidence that: the robbery was an inside job; Gadsden and White had numerous cell phone contacts the day after the robbery; someone was holding large amounts of cash the day after the robbery in the photographs on a cell phone later possessed by White (an employee of the Olive Garden); the cash in the photographs were smaller denominations—consistent with the Olive Garden manager's testimony that the stolen cash consisted of smaller bills; and the photographs of Gadsden matched the witnesses' physical description of the robber. *See State v. Powers*, 331 S.C. 37, 46, 501 S.E.2d 116, 120 (1998) (explaining there is no abuse of discretion if an offered photograph serves to corroborate testimony or substantiate facts); Rule 401, SCRE. Moreover, the probative value of the photographs was not substantially outweighed by the danger of unfair prejudice. There is nothing about the photographs that suggests a decision on an improper basis nor were the photographs likely to elicit an emotional response from the jury. *See State v. Hawes*, 423 S.C. 118, 129, 813 S.E.2d 513, 519 (Ct. App. 2018) ("To be classified as unfairly prejudicial, photographs must have a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228–29 (2010))); *see also* Rule 403, SCRE.

3. The trial court did not err in denying White's motion for a directed verdict because there was substantial circumstantial evidence presented at trial from which White's guilt could be logically and fairly deduced. *See State v. Rothschild*, 351 S.C. 238, 243, 569 S.E.2d 346, 348 (2002) ("A defendant is entitled to a directed verdict when the State fails to produce any direct or substantial circumstantial evidence of the

offense charged."); *see also State v. Walker*, 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002) ("When a motion for a directed verdict is made in a criminal case where the State relies exclusively on circumstantial evidence, the trial judge is required to submit the case to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." (quoting *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001))); *State v. Bennett*, 415 S.C. 232, 236, 781 S.E.2d 352, 354 (2016) ("Nevertheless, a court is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis.").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.